Opinion
IBÁÑEZ, P. J.
Defendant was convicted by a jury of a violation of section 2800[1] of the Vehicle Code, and was acquitted of a violation of section 148 of the Penal Code (willfully resisting, delaying or obstructing a public officer in the discharge of any duty of his office). These charges were made at the time that defendant was arrested, and he now appeals from the judgment.
Defendant was a passenger in a vehicle. It was stopped by officers who suspected the driver to be under the influence of alcohol. After the vehicle was stopped, the officers asked the defendant to remain in the vehicle while they conducted a field sobriety test on the driver. The defendant failed to remain in the vehicle as requested. The officers then led the defendant away from the place where the investigation was being conducted; the defendant returned and kept “butting into the conversation” between the driver and the officer conducting the investigation. The defendant “got into everything”; he prevented one of the officers from “administering the walk-the-line test.” Defendant was told *Supp. 4 that he was interfering with the investigation of the driver. One officer attempted to lead the defendant back to the vehicle so that the investigation of the driver could continue. Defendant refused to move; he was then arrested and charged as stated.
Discussion
It is uncontroverted that the defendant refused to comply with the instructions or orders of the police that he remain in the vehicle while sobriety tests were being conducted on the driver and companion of defendant; it is also uncontradicted that the defendant refused to desist from interfering in the sobriety tests being conducted. Granted such conduct, the question is whether or not section 2800 is applicable to these facts.
Section 2800 provides, in pertinent part, that, “It is unlawful to . . . refuse to comply with any lawful order ... of any traffic officer.... ” The officers here were “traffic officers” within the meaning of this section, engaged in the performance of their duties under “Division 11” of the Vehicle Code, which is entitled “Rules of the Road.” The offense of driving a vehicle under the influence of alcohol (§ 23102, subd. (d)) is included in this division.[2]
Sections 2800 and 625 are in pari materia and must be construed together. (See In re Washer (1927) 200 Cal. 598, 606 [254 P. 951].) The latter section, 625, places a duty on traffic officers to enforce the rules of the road. The former, section 2800, on the other hand, can properly be interpreted to be a reasonable and necessary implied power to aid in the performance of duties imposed.
A related issue was before the court in People v. Woolsey (1979) 90 Cal.App.3d 994 [153 Cal.Rptr. 746], where the constitutionality of section 2805 was challenged upon the grounds, in part, of uncertainty. Section 2805 authorized California Highway Patrol officers to inspect public garages, repair shops and similar establishments for the purpose of locating stolen vehicles. The opinion, in part, states, “Section 2800 makes it unlawful to willfully refuse to submit to any lawful inspection. *Supp. 5 The language of the statute (§§ 2800, 2805) is sufficiently explicit to inform those who are subject to it what conduct will render them liable for its penalties.” (Id. at p. 1001, fn. 3.)
The Woolsey opinion, supra, had reference to the words in section 2800 which, in part, state, “. .. refuse to submit to any lawful inspection . . .. ” Not so in the instant case; the pertinent language of section 2800 here is, “... to willfully fail or refuse to comply with any lawful order. ...” We have stated already that we interpret the words “lawful order” to mean a reasonable order made by a traffic officer which is reasonably necessary to aid him in the performance of his duty to enforce “the rules of the road.” The facts in the instant case are a classic example of the use of and need for an “order” reasonably necessary to aid in the performance of a duty. The officers were performing their duty investigating a possible violation of section 23102, subdivision (a) (driving under the influence of alcohol). Repeatedly and persistently the defendant interfered with the officers in the performance of their duties. The order to desist was necessary and proper.
It should be mentioned that defendant was charged also with violating Penal Code section 148[3] (resisting, delaying or obstructing officer). The jury acquitted the defendant of this count, but found him guilty of violating section 2800. There is a common relationship between Penal Code section 148 and Vehicle Code section 2800. Both relate to interfering with an officer in the performance of his duty. Section 2800 is made a misdemeanor by section 40000.7 and Penal Code section 19 prescribes a maximum punishment of six months, a fine not to exceed $500, or both. By contrast, Penal Code section 148 prescribes a maximum punishment of one year in the county jail, a fine of $1,000, or both. It is apparent therefore that a violation of Penal Code section 148 is a more serious offense than a violation of section 2800.
Though section 2800 is a lesser offense than Penal Code section 148, it is not a necessarily included offense in that an acquittal of the greater offense does not necessarily result in a finding of not guilty of the lesser offense, i.e., by definition, a necessarily lesser included offense is one in which the greater offense cannot be committed without *Supp. 6 also committing the lesser offense, as an example, rape vis-a-vis battery. Many types of offenses can occur when an officer is discharging a duty having nothing to do with a traffic offense, investigating a burglary, theft, etc.
The defendant argues that the orders authorized under section 2800 are limited to orders relating “to direction, control and regulation of traffic” citing Couglin v. State (1975) 56 Ala.App. 225 [320 So.2d 739]. The People reply by citing McCorkle v. City of Los Angeles (1969) 70 Cal.2d 252 [74 Cal.Rptr. 389, 449 P.2d 453], a civil case for damages; it held that section 2800 applied to a situation where a police officer (Lombardo) investigating an automobile accident, requested the driver of one of the vehicles involved in the accident to show the skid marks and point of impact. {Id. at p. 259.) The court rejected the argument that “section 2800 applies only to the ‘direction of traffic’” as too narrow an interpretation; the court found it proper to instruct the jury concerning section 2800 because, “It is undisputed that Lombardo was a ‘peace officer’. . . and his ‘main purpose’ was to enforce the provisions of division 10 (§§ 20000-20016) of the Vehicle Code ....” (Id. at p. 263.)
In sum, the express language of section 2800, authorizing traffic officers to make “an order, signal, or direction” the disobedience of which is illegal, is limited to lawful orders, willfully disregarded or disobeyed. Our interpretation of section 2800 limits such orders to orders which are relevant to and reasonably necessary in the performance by traffic officers of the duties imposed upon them under section 625, as here.
The judgment is affirmed.
Bigelow, J., concurred.

Section 2800: “It is unlawful to wilfully fail or refuse to comply with any lawful order, signal, or direction of any traffic officer or to refuse to submit to any lawful inspection under this code.”
Hereinafter all references to sections, unless otherwise noted, shall be to the Vehicle Code.

Traffic officer is defined in section 625: “A ‘traffic officer’ is any member of the California Highway Patrol, or any peace officer who is on duty for the exclusive or main purpose of enforcing the provisions of Division 10 or 11 of this code.” “Division 10” relates to accident reports, while “11” relates to rules of the road.

Section 148: “Every person who wilfully resists, delays, or obstructs any public officer, in the discharge or attempt to discharge any duty of his office, when no other punishment is prescribed, is punishable by a fine not exceeding one thousand dollars, or by imprisonment in a county jail not exceeding one year, or by both such fine and imprisonment.”